## BLOCKLEY *et al. v.* FOWLER *et al.*

WHERE, at a sale under a power contained in a mortgage, the mortgagee becomes the purchaser indirectly by having the mortgaged premises bid in for himself, such sale is not therefore void, but only voidable on the application in equity of the mortgagor.   The legal title passes by the sale.

In an action of ejectment where the defendant claimed title through a purchase made at a sale under a power contained in a mortgage, the Court gave the following instruction: "If the jury believe, from the evidence, that M. B. McKinney, the mortgagee mentioned in the mortgage, made by A. M. Jackson to him on the fifteenth day of May, 1850, employed W. H. Fairchild, the purchaser, to attend said sale as his agent, and to buy in the property specified in said mortgage at said sale for the benefit of said McKinney himself, and that said Fairchild was not a *bona fide* purchaser, but purchased said property for said McKinney, and that no consideration was passed between said Fairchild and said McKinney, then the sale was void." The jury found for plaintiffs who had judgment: *Held*, on appeal, that the instruction was erroneous in pronouncing the sale void on the supposed state of facts, and that, for this error, the judgment must be reversed.

APPEAL from the Fifth Judicial District.

This was an action of ejectment for two lots in the city of Stockton.   The plaintiffs' title was derived as follows : 1st, a grant from the Mexican Government to C. M. Weber, admitted by stipulation to be a valid title ; 2d, a deed from Weber to A. M. Jackson, dated February 13th, 1850 ; 3d, a deed from Jackson to Blockley, dated December 30th, 1859 ; 4th, a deed from Blockley to Weeks, his coplaintiff of an undivided half, on the sixteenth day of January, 1860.

The defendants' title was derived as follows : 1st, the deed from Weber to Jackson, above mentioned ; 2d, a mortgage from Jackson to M. B. McKinney, dated May 15th, 1850, to secure a debt of $3,234.   Said mortgage contained a power of sale in default of payment to satisfy the debt—the sale to be made by the mortgagee, upon his giving ten days public notice of the time and place of sale; which notice was to be published by posting in some public place in the town of Stockton ; 3d, a sale of the property by McKinney, at public auction under the power in the mortgage, at which sale one Fairchild became the purchaser at the price of one hundred and ten dollars, receiving a deed from McKinney on the second

day of November, 1850 ; 4th, a reconveyance by deed from Fairchild to McKinney on the same day, to wit: November 2d, 1850, and at the same price at which the property was bid in by Fairchild ; 5th, a deed from McKinney to the defendant Fowler, dated September 12th, 1853, for the lots in controversy, which deed contained full covenants of warranty.   The consideration paid was five hundred dollars.

The testimony of Fairchild, called by defendant as a witness, shows that he was employed by McKinney as his agent to purchase in the property at the sale, and that he did purchase it for McKinney and as his agent ; that he never paid any consideration on the transfer to him, and that he conveyed to McKinney without any money being paid him on the same day that he acquired it.

Evidence was introduced by defendant tending to show that the sale by McKinney was made pursuant to this power, and that due notice thereof was given, but this evidence it is not necessary to state, as the point was not decided by the Court.

The jury, under the instruction set forth in the opinion, found a verdict for plaintiff.   A motion for a new trial was made and overruled, and defendant has appealed to this Court from the final judgment and from the order denying the motion for a new trial.

*Hall & Huggings*, for Appellants.

The instruction given, at the instance of the plaintiff to the effect that McKinney's purchase at the sale of the second of November, through Fairchild as his agent, rendered the sale void, was not law. The principle announced should have been made dependent upon the existence of one other essential fact, to wit: that the jury must believe that Jackson had not acquiesced in such sale but had disagreed to the same.   (*Jackson ex dem. McCarty* v. *Van Walfren*, 5 Johns. 43.)

The case of *Jackson ex dem. of Cadwallader & Colden* v. *Walsh* (14 Johns. 406) runs on all fours with this.   They differ only in several immaterial particulars.   The plaintiff Colden claimed title as heir at law, whereas here the plaintiffs allege that they are purchasers for value.   Colden, whose sale for his own benefit was impeached, acted in the character of an executor with power to

sell, and not, as in the case at bar, in the capacity of a trustee by virtue of a deed. Thompson, C. J. delivering the opinion of the Court says : " It is unnecessary for me to go into an examination of the equity doctrine on this subject. No case is to be found where a Court of Law has pronounced such a deed *absolutely void.* The legal title undoubtedly passes, and the rules and principles which govern the Court of Chancery in such cases show that it would be very unfit for a Court of Law to interpose and set aside such conveyances. (2 Johns. 226.) Indeed, it is not the doctrine of a Court of Equity that such sales are *ipso jure* void, but that the purchaser, subject to the equity of having the sale set aside if the *cestui que trust,* in a reasonable time, chooses to say he is not satisfied with it."

In the case of *Slee* v. *Manhattan Company,* (1 Paige) in the opinion of Judge Betts it is said : " The rule laid down by Lord Thurlow in *Crow* v. *Ballard,* (3 Bro. Ch. Co. 119) that it is impossible at any rate that the person employed to sell can be permitted to buy, has been explicitly denied in the English Courts and ours, and is now no longer followed. The principle now recognized is, that he is entitled to no advantages from his purchase, but it is at the option of the *cestui que trust* to consider him a trustee and as holding the estate in his behalf." (And see authorities there cited; *Scott* v. *Freeland,* 7 Sme. & Mar. 419.)

The acquiescence of Jackson in the sale by McKinney would cut off the right of the former to set aside the sale, even in a Court of Equity. Yet the Court below, at law, refused to instruct the jury, that such acquiescence would operate to estop Jackson and the plaintiffs under him from disaffirming the sale in ejectment. The authorities establish the rule that the sale is not void, but the *cestui que trust* may within a reasonable time, if he disapproves, proceed to have the sale annulled by a Court of Equity. If he fails thus to proceed, his acquiescence will be presumed, and the Court will refuse to disturb the sale, and more especially will withhold relief as against a purchaser for a valuable consideration without notice. (See, on the point of presumption of notice, 10 Sme. & Mar. 583 ; 8 Id. 493 ; *Buchanan et al.* v. *Tinner et al.,* 2 How. 261–263 ; *Wilson* v. *Troup,* in the the opinion and decision of Chancellor Kent, 2 Cow. 203 ; 1 Pet. 368.)

*E. L. Goold* and *D. W. Perley*, for Respondents.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action to recover the possession of real estate. The plaintiffs and defendants both claim under A. M. Jackson, the latter under a mortgage sale and the former under a deed. In 1850, May 15th, Jackson executed a mortgage to one McKinney, with a power to sell on default in payment of the mortgage debt. Acting under this power McKinney sold the property on the second day of November, 1850, which was bid in by one Fairchild who, on the same day, reconveyed the property to McKinney, and the latter, on the twelfth day of September, 1853, conveyed to the defendant Fowler, who took possession in 1854, and has since occupied. On the thirtieth day of December, 1859, Jackson made a deed of the premises to the plaintiff Blockley, and this action was commenced on the twenty-fourth day of February, 1860.

On the trial, upon the request of the plaintiffs, the Court gave the following instruction to the jury: " If the jury believe, from the evidence, that M. B. McKinney, the mortgagee mentioned in the mortgage made by A. M. Jackson to him on the fifteenth day of May, 1850, employed W. H. Fairchild, the purchaser, to attend said sale as his agent, and to buy in the property specified in said mortgage at said sale for the benefit of said McKinney himself, and that said Fairchild was not a *bona fide* purchaser but purchased said property for said McKinney, and that no consideration was passed between said Fairchild and said McKinney, that then the sale was void."

This charge was erroneous. A mortgagee who sells under a power contained in the mortgage and becomes himself the purchaser indirectly by having the mortgaged premises bid in for himself, cannot hold it against the mortgagor if the latter chooses to file his bill to set aside the sale or to redeem, provided this be done within a reasonable time after being apprised of the sale. But the sale is not void. It is only voidable. The legal title passes. (*Jackson* v. *Van Dalpen,* 5 J. R. 43 ; *Jackson* v. *Walsh,* 14 Id.

22

407; *Bergen* v. *Bennet*, 1 Caines' Cases in Error, 1; *Slee* v. *Manhattan Company*, 1 Paige's Ch. 48; *Davone* v. *Fanning*, 2 J. Ch. 252; *Scott* v. *Freeland*, 7 Sme. & Mar. 409.)

It is also insisted that the sale was void, on the ground that the notice of sale required by the power was not given. Some of the above cited cases show that such an irregularity, if it occurred, might have been acquiesced in by the mortgagor, and if so, the sale would not be void. It is impossible for us to say how the jury might have found upon this point, or as to the fact of notice having been given, if the case had been properly submitted to them, because under the instruction given, as above stated, the jury, with the testimony of Fairchild as to his having purchased for McKinney unquestioned, could not have done otherwise than find for the plaintiff.

For this error the judgment must be reversed and the cause remanded for a new trial. The costs of this appeal to abide the event.